No. 9688.
Orleans Appeal.

RELIANCE HOMESTEAD ASSN. v. P. J. McMAHON & SONS UNDERTAKING CO., INC., Appellant.

(December 15, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Corporations, Par. 133.**

The president and general manager of a corporation engaged in the livery and undertaking business has no authority, ex officio, to act for the corporation in applying for a loan of $12,000.00 in a homestead association. The doctrine of apparent or implied powers of corporate officers cannot be so extended.

(Civil Code, Art. 439—Editor's Note.)

Appeal from First City Court, Hon. Leon L. Labatt, Judge.

This is a suit to recover expenses incurred because of refusal to make a loan.

Judgment for plaintiff. Defendant appealed.

Judgment reversed.

Theo. Roehl, attorney for plaintiff and appellee.

McCaleb & McCaleb, attorneys for defendant and appellant.

WESTERFIELD, J. Plaintiff, a homestead company, brings this suit against defendant, a corporation engaged in the undertaking and livery business, for $103.50, the amount of attorney's fees and other expenses incurred by plaintiff in connection with a loan which it is alleged was applied for by the defendant and subsequently declined. The defendant denies that the loan was applied for by anyone with authority to act in its behalf and in the alternative avers that the loan was refused by plaintiff upon the advice of its attorney who objected to the title of defendant to certain property which was to be mortgaged to secure the loan.

There was judgment below in plaintiff's favor and defendant has appealed.

The application for the loan was made upon the customary form prepared by the homestead and was signed by the president of the defendant corporation for the corporation. There is no contention that there is any provision of the defendant's charter or any action by the Board of Directors of a general or special character conferring authority upon the president to borrow money or to act for the corporation in this particular transaction. Plaintiff relies upon the implied power of the president of the defendant corporation as president and general manager.

We are referred to Bank vs. Plow Company, 45 Ann. 1214, 14 South. 139, from which plaintiff's counsel quotes the following:

"The authority of an officer to bind a corporation in the management of its ordinary business may be fairly implied."

and to the following:

"Parties dealing with the president of a corporation in the usual manner and within the scope of the powers which the president has been accustomed to exercise without the assent of the directors and not ultra vires of the corporation would be entitled to assume that he had been actually invested with those powers." Berlin vs. Cusachs, 114 La. 744, 38 South. 539.

Other citations are made by counsel but we select these as typical of all the cases relied upon by counsel on this point, none of which in our opinion are pertinent.

There is no pretention here that the signing of an application for a loan of $12,000 with a homestead company was "within the powers which the president had been accustomed to exercise". It was a most unusual and extraordinary transaction. While it is conceivable that an undertaker and liveryman might have occasion to borrow money to purchase a business location, it is certainly not usual or customary to do so as an incident to the transaction of the business engaged in. Even though the president of defendant corporation was also its general manager, thus extending his implied powers, the transaction we are considering is beyond the ordinary business of defendant and cannot be held to be within his apparent or implied powers.

"Apparent authority and powers as general manager, in general. The management of the entire business of a corporation may be intrusted to its president either by express resolution of the directors or by their acquiescence in a course of dealing. In fact, it is a very common custom for the president of a business corporation to be its active manager, and the president is often expressly appointed 'general manager' of the company by a resolution of the board of directors. The president may be given general authority to supervise and manage the business of the corporation or a particular part of it. In such a case, his authority extends impliedly to any contract or other act which is incident to the ordinary business of the corporation, or to that part with which he is intrusted, without special authority to make the particular contract or do the particular act; but it does not extend to contracts or other acts which are not incident to the ordinary business." Fletcher Cyc. Corp., Vol. 3, p. 3202.

In Taylor vs. Vassburg, 128 La. 376, 54 South. 907, the Supreme Court says:

"The general rule upon the subject of the authority of the president of a corporation is stated as follows:

According to the decided weight of authority, whether he (the president of a corporation) has authority to do a particular act, depends upon the power conferred upon him, either by the charter or by the stockholders or directors.

The mere fact that he is president, without more, does not imply that he has any greater power than any other director." Marshall on Corporations, p. 953 (quoted as authority in Jackson Brewing Co. vs. Canton, 118 La. 823, 43 South. 454); Cook on Stock and Stockholders and Corporation Law (Ed. 1889), Sec. 716; Taylor on Private Corporation (2nd Ed.), page 197.

We conclude, therefore, that the action of the president of the defendant corporation in signing the application for the loan to be made by the plaintiff was unauthorized by any principle of implied powers of corporate officers and that consequently the defendant corporation was not bound thereby and can not be held for the consequences of the breach of the obligation to accept the loan when and if tendered.

The judgment appealed from must be and it is hereby reversed and it is now ordered that there be judgment in favor of defendant and against plaintiff dismissing plaintiff's suit at its cost.